**FILED**

**February 7, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **A.F. and R.S.F.-1**

**No. 22-0325** (Mercer County 15-JAT-466-DS and 16-JA-445-DS)

**MEMORANDUM DECISION**

Petitioner Father R.S.F.-2[1] appeals the Circuit Court of Mercer County's March 29, 2022, order permitting unsupervised visitation between the children and J.S., an individual whose rights to the children were previously terminated.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the circuit court's order is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure

Because the resolution of this case turns on a narrow legal issue, it is unnecessary to undertake a detailed recitation of the underlying proceedings. According to the record, the children were the subject of a prior abuse and neglect proceeding that culminated in J.S., the children's biological mother, voluntarily relinquishing her rights to the children. The order terminating J.S.'s parental, custodial, and guardianship rights was entered in July of 2017. At that time, the circuit court permitted J.S. to have supervised post-termination visitation with the children, while petitioner was granted sole custody.

In March of 2020, J.S., then self-represented, filed a "Motion to Reinstate Parental Rights After Relinquishment" citing West Virginia Code § 49-4-606. In the motion, J.S. alleged that petitioner was abusing drugs. It should be stressed, however, that although the circuit court directed the DHHR to participate in the proceedings and file any necessary petition to address the allegations of abuse and/or neglect related to this alleged substance abuse, no such petition was ever filed and the children were never removed from petitioner's care.

---

[1]Petitioner appears by counsel P. Michael Magann. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. E. Raeann Osborne appears as the children's guardian ad litem. J.S. appears by counsel Thomas M. Janutolo Jr.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because one of the children and petitioner share the same initials, we will refer to them as R.S.F-1 and R.S.F.-2, respectively.

1

In the first order following J.S.'s motion, the court found that J.S.'s allegations of drug use were sufficient to conclude that the situation "constitutes a disruptive placement." Over the next two years, the court held multiple hearings and continued to address J.S.'s request for, at a minimum, unsupervised visitation with the children. It appears that multidisciplinary team meetings were held to address the possibility of visits and the development of a parenting plan between J.S. and petitioner. Ultimately, in March of 2022, the circuit court granted J.S. visits with the children for several hours on two days of each month, at first supervised but eventually to be unsupervised. It is from the court's order granting J.S. visitation with the children that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, we have explained that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009). Here, the circuit court's initial consideration of J.S.'s motion constitutes a substantial frustration or disregard of the applicable rules and statutes such that vacation of the resulting order is necessary.

J.S. filed her motion under West Virginia Code § 49-4-606, which provides for three distinct situations in which a final dispositional order may be modified, none of which are applicable here. First, under West Virginia Code § 49-4-606(a), the only individuals permitted to move for modification are "a child, a child's parent or custodian[,] or the department." None of these individuals filed any such motion in this matter, as J.S. was no longer considered the children's parent following the termination of her parental rights. *See* Syl. Pt. 4, *In re Cesar L.*, 221 W. Va. 249, 654 S.E.2d 373 (2007) ("A final order terminating a person's parental rights, as the result of either an involuntary termination or a voluntary relinquishment of parental rights, completely severs the parent-child relationship, and, as a consequence of such order of termination, the law no longer recognizes such person as a 'parent' with regard to the child(ren) involved in the particular termination proceeding."). As we have explained, such a severance of the parent-child relationship deprives the individual of standing to file a motion under West Virginia Code § 49-4-606. *Id.* at 251, 654 S.E.2d at 375, Syl. Pt. 6.

The second situation in which a dispositional order may be modified is set forth in West Virginia Code § 49-4-606(b) and occurs "[i]f the child is removed or relinquished from an adoptive home or other permanent placement after the case has been dismissed." That subsection further requires "a multidisciplinary treatment team meeting within thirty days of the receipt of notice of permanent placement disruption." This appears to be the basis upon which the circuit court in this matter proceeded, as it concluded in the first order following J.S.'s motion that the situation

2

"constitutes a disruptive placement." This finding is in error, however, as the children were not removed or relinquished from their permanent placement with petitioner. As such, the circuit court clearly erred in finding that this situation was one contemplated by West Virginia Code § 49-4-606(b).

The final circumstance in which modification is permitted occurs when a child has not been adopted and "the child or department . . . move the court to place the child with a parent or custodian whose rights have been terminated and/or restore the parent's or guardian's rights." *Id.* § 49-4-606(c). Again, the only party who moved for restoration of rights was J.S., who had no standing to do so under this statute. While the guardian advanced a position below that visitation with J.S. was appropriate, there is nothing in the record to indicate that the guardian moved, on the children's behalf, for any such modification. Accordingly, the record is clear that the circuit court had no authority to modify the final dispositional order.

For the foregoing reasons, we vacate the circuit court's March 29, 2022, order modifying the final dispositional order to provide J.S. with unsupervised visitation with the children. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated.

**ISSUED**: February 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn